UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHEPARD ZITLER                                                    CIVIL ACTION

VERSUS                                                            NO. 08-3986

NATIONAL FLOOD INSURANCE                                          SECTION "C" (3)
PROGRAM

ORDER AND REASONS

This matter comes before the Court on motion to dismiss and motion for summary judgment filed by the defendant, the National Flood Insurance Program ("NFIP"). Having considered the record, the memoranda of counsel and the law, the Court has determined that dismissal is appropriate for the following reasons.

The plaintiff sues for Katrina-related damages allegedly covered by its Standard Flood Insurance Policy ("SFIP") issued by NFIP. The undisputed facts indicate that after inspections of the property, the defendant paid $105,577.39 to the plaintiffs on January 23, 2006. On July 20, 2007, the defendant sent a letter to the plaintiff advising that his request for additional payment was denied. Suit was filed on July 21, 2008. At no time has the plaintiff submitted a proof of loss.

The defendant argues that the plaintiff's failure to file a proof of loss within the

one year SFIP deadline with the FEMA waiver[1] requires dismissal under Art. VII(J)(4)(f) and VII(R) of the SFIP.[2] It also argues that state law claims should be dismissed.[3]

The Court need not go further than examining the timeliness issue. No proof of loss in proper was filed by the plaintiff at any time. Even if the July 20, 2007, letter could be considered a "disallowance" for purposes of the August 31, 2005 extension, it

---

[1] On August 31, 2005, David Maurstad, Acting Federal Insurance Administrator, waiving the requirement that the insured file a proof of loss prior to receiving insurance proceeds, and allowing as follows"
> In the event a policyholders disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form. The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policy holder may file a lawsuit against the insurer within one year of the date of written denial of all or part of the claim as provided in VII.R of the SFIP Dwelling or General Property Form or VIII.R of the SFIP Residential Condominium Building Association Policy Form.
> (Rec, Doc. 15, Exh. 3). See *Eichaker v. Fidelity National Property & Casualty Insurance Co.*, 2008 WL 2308959 (E.D.La.).

[2] Article VII(J)(3) of the SFIP requires the policyholder to "[p]repare an inventory of damaged property, showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts, and related documents" in conjunction with the proof of loss. Article VII(J)(4) requires the proof of loss which provides certain specified information, including "specifications of damaged building and detailed repair estimates." Article VII(R) precludes suit "unless you have complied with all the requirements of the policy."

[3] The plaintiff does not address the viability of the state law claims.

2

lacked a timely filed proof of loss as required in that extension and by the SFIP. The timeliness of any suit measured against the July 2007 letter is immaterial. In addition, there is no evidence that the defendant otherwise waived the requirement that a proof of loss be submitted in a timely manner or in proper form.

The fact that the plaintiff had previously dealt with the adjusters with regard to the initial claim or that the adjusters submitted a missing report or additional claim to the defendant is of no moment; FEMA's August 31, 2005, waiver provided the extended deadline for filing the supplemental proof of loss was conditioned on full compliance with the SFIP requirements. "Under FEMA regulations, strict adherence is required to all terms of the SFIP." *Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity National Insurance Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008), quoting *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

Accordingly,

IT IS ORDERED that the motion to dismiss and motion for summary judgment filed by the National Flood Insurance Program are GRANTED. (Rec. Doc. 12).

New Orleans, Louisiana, this 2nd day of March, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE